FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 08 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,

-against-

MICHELE BAKER and JAMES BAYFIELD,

Defendants.
------------------------------------------------------------ x

MEMORANDUM & ORDER

14-cr-356 (ENV)

VITALIANO, D.J.

Defendants Michele Baker and James Bayfield stand charged with bank fraud, and conspiracy to commit bank fraud and wire fraud, in connection with their alleged participation in a mortgage fraud scheme. ECF Dkt. No. 253 (Superseding Indictment ("SI")). The two remaining defendants seek an order, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), directing the government to provide a more detailed written disclosure concerning the testimony of its proposed expert witness, Rholda L. Ricketts, or, in the alternative, an order precluding her testimony. For the reasons discussed below, the defense motions are denied in their entirety.

## Background

Defendants are alleged to have engaged in a mortgage fraud scheme from September 2008 through May 2011. SI ¶¶ 13-20, 22, 24. They allegedly induced lending institutions to issue mortgage loans for properties as part of a scheme, the government charges, that involved, among other things, the submission of fraudulent applications (SI ¶¶13-15, 18), the use of straw purchasers (SI ¶ 16), and the churning of multiple sales and purchases concealed by falsified title documents (SI ¶ 17). Lending institutions, the government contends, were defrauded of more than $2 million as a result. SI ¶ 20.

1

Applicable Law

The ongoing squabble centers on the government's disclosure obligations under Federal Rule of Criminal Procedure 16(a)(1)(G), which provides, in relevant part:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(a)(1)(G). All recognize that the rule is designed "to minimize [the] surprise that often results from unexpected testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *United States v. Cruz*, 363 F.3d 187, 196 n.2 (2d Cir. 2004) (alteration in original) (quoting *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997)). Furthermore, as a salutary adjunct, the rule "creates an incentive for the government to limit its use of experts to proper subject matters of expert testimony, lest broader expert testimony require broader pre-trial disclosure." *United States v. Dukagjini*, 326 F.3d 45, 56 (2d Cir. 2002).

To keep faith with the letter and spirit of Rule 16(a)(1)(G), "[m]erely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's actual opinions." *United States v. Valentin*, No. 3:14-cr-55 (VLB), 2016 WL 1211304, at *3 (D. Conn. Mar. 25, 2016) (quoting *United States v. Ferguson*, No. 3:06-cr-137 (CFD), 2007 WL 4539646, at *1 (D. Conn. Dec. 14, 2007)). An expert's testimony "*may* be excluded if the [proponent] has made *no* attempt at all to describe the bases and reasons for those opinions" in its disclosure. *United States v. Mavashev*, No. 08-cr-902 (DLI) (MDG), 2010 WL 234773, at *2 (E.D.N.Y. Jan. 14, 2010) (emphasis in original) (quoting *United States v. Mahaffy*, No. 05-cr-613 (S-3) (ILG), 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007)). In any event, "the failure to disclose must generally be complete before a court will preclude an expert witness from testifying."

2

*Id.* (citations omitted); *see, e.g., United States v. Tin Yat Chin*, 476 F.3d 144, 146 (2d Cir. 2007) (government did not disclose expert until one day before the end of the defense case); *Cruz*, 363 F.3d at 196 n.2 (government neglected to inform defense of expert); *Mahaffy*, 2007 WL 1213738, at *3 (defendant failed to provide summary of proposed expert testimony until start of trial). In quick sketch, the trial court has broad discretion to fashion rulings that result in the admission of expert testimony on a playing field fair to the opponent. *See generally United States v. Laster*, 313 F. App'x 369, 372-73 (2d Cir. 2009).

## Discussion

In its letter of September 27, 2016, the government first disclosed its intention to call Ricketts to provide expert testimony at trial. ECF Dkt. No. 250. In that letter, the government recited Ricketts's decades of experience as a state banking regulator, highlighting, in particular, her oversight of lenders and mortgage loan service institutions:

> Ms. Ricketts has approximately 30 years of experience with the State of New York Department of Banking and the recently-formed New York State Department of Financial Services ("DFS"). She has served as a Bank Examiner, Supervising Bank Examiner, and Assistant Deputy Superintendent of Banks, where she was responsible for the regulatory enforcement and supervisory oversight of lenders and other financial institutions.
>
> Since 2005, Ms. Ricketts has served as the Deputy Superintendent of Banks in the Mortgage Banking Division of DFS. In this role, she is responsible for the administration and regulation of over 800 mortgage loan service institutions, including mortgage origination entities. This includes supervision of DFS' licensing, registration, regulation, and disciplinary practices over such entities.

*Id.* at 1. In its disclosure, the government advised that it anticipated that "Ricketts will testify generally regarding the mechanics of the mortgage industry, its regulation, and evaluate the defendants' practices in the instant case within that context." *Id.* It noted further that Ricketts had previously "testified in this capacity" in civil and criminal cases in state and federal courts. *Id.*

One day later, Bayfield replied to the government's letter, formally requesting, "pursuant to

3

Fed. R. Crim. Pro. 16(a)(1)(G), that the government provide a detailed written summary of the testimony it intends to offer, including specification of the bases and reasons for any opinions the government will seek to elicit." ECF Dkt. No. 252.

Two days after Bayfield's demand, the government filed a supplement to its disclosure, which responded to the request:

> Your letter requests a summary of Ms. Ricketts' anticipated testimony, and the bases and reasons for any opinions the government hopes to elicit. The government anticipates that Ms. Ricketts will testify regarding the mortgage process, beginning with describing the roles and actions of a home buyer or borrower, the loan originator, the loan processor, the title closer and the attorneys representing various parties. Ms. Ricketts will also testify regarding the underwriting process, and final approval and closing of the mortgage loan. Ms. Ricketts will also be asked to explain what happens post-closing, to include the potential sale of the mortgage loan in the secondary market.
>
> The government anticipates that Ms. Ricketts will also explain to the jury the Uniform Residential Loan Application, or Form 1003. Ms. Ricketts will be asked to explain the information that is summarized in a Form 1003, and the documents that are submitted to a bank to verify the information in the Form 1003. The government anticipates that Ms. Ricketts will also testify regarding the title documents that are submitted to a bank during the mortgage loan process, to include the title commitment letter and the policy of title insurance, and the role those documents play in the mortgage loan process. Ms. Ricketts will also be asked to testify regarding the HUD-1, the items set forth in the HUD-1, and the significance of that document in the loan process.
>
> The government anticipates that Ms. Ricketts will provide her opinion regarding the criteria that banks typically use in determining whether to approve a mortgage loan, including the income and assets of the buyer, whether the buyer intends to reside in the property, the loan-to-value ratios, and whether the seller has clear title to the property being sold. The government anticipates that Ms. Ricketts will provide opinion testimony regarding the importance of the Form 1003, supporting documents, and title documents, during the mortgage loan approval process.
>
> The bases for all of Ms. Ricketts' opinions are her knowledge of the mortgage industry based on her more than 30 years' employment with the State of New York's Department of Banking, and more recently, [the Department of Financial Services], and as further set forth in the resume enclosed with this letter.

4

ECF Dkt. No. 255 at 2-3. Attached to the supplemental disclosure was a copy of Ricketts's *curriculum vitae*. ECF Dkt. No. 255-1. The government also identified the previous cases in which Ricketts had testified regarding mortgage loan procedures, including *United States v. Mavashev*, where, as here, "the defendant was charged with conspiracy to commit bank fraud, conspiracy to commit wire fraud, and . . . substantive counts of bank fraud." ECF Dkt. No. 255 at 1-2 & n.1 (discussing *United States v. Mavashev*, No. 08-cr-902 (DLI) (MDG) (E.D.N.Y)).

This was all followed, on October 3, 2016, by the government providing the defense "3500 materials" related to Ricketts's expected testimony, along with two exhibits that the government expects Ricketts to address at trial: (1) a schematic depiction that outlines the loan origination process from the initial application through the post-closing period; and (2) a blank Uniform Residential Loan Application. *See* ECF Dkt. No. 257; ECF Dkt. No. 272 at 5-6 (describing the two exhibits).

Then, at a hearing four days later, on October 7, 2016, the government provided a supplemental oral representation regarding Ricketts's anticipated testimony. *See* ECF Dkt. No. 280 (Transcript of Oct. 7, 2016 Hearing ("Tr.")).

The government's escalating disclosure notwithstanding, defendants argue that the disclosure is inadequate because it fails to describe Ricketts's "opinions," and the "bases and reasons for those opinions." *See* ECF Dkt. Nos. 266, 269. They seek remedial supplementation, or, alternatively, exclusion of the proffered expert. *See id.* The government, at least initially, was content to stand pat. *See* ECF Dkt. No. 263; *see also* ECF Dkt. No. 272. To be clear, though, defendants do not contest the sufficiency of Ricketts's "qualifications." *See* ECF Dkt. Nos. 266, 269; *see also* Tr. at 19:7-10 (counsel for Bayfield stating that he does not believe that Ricketts's "qualifications [are] going to be a particular focus of any of the issues raised before the Court, or at

least on my behalf").[1]

I.   Disclosure of Expert Opinions

The first issue is whether the government has sufficiently disclosed what they expect to elicit from Ricketts. Defendants contend that the government's written disclosures are inadequate because they "merely identif[y] the subjects about which [Ricketts] would opine," rather than describing Ricketts's "actual opinions" on those subjects. ECF Dkt. No. 266 at 2; *see* ECF Dkt. No. 269 at 2; Tr. at 14:2-15.

It is true that the government's first disclosure letter, dated September 27, 2016, said nothing about any opinions Ricketts might offer; it did not even state whether Ricketts would offer an opinion, as opposed to, for example, the definition of terms. *See* ECF Dkt. No. 250 at 1 (indicating only that "Ricketts will testify generally regarding the mechanics of the mortgage industry, its regulation, and evaluate the defendants' practices in the instant case within that context"). The government's second disclosure letter, dated September 30, 2016, lists various topics "regarding" which it was likely Ricketts would testify, but this disclosure did not describe the substance of any opinions that she might offer. *See* ECF Dkt. No. 255 at 2 ("Ricketts will testify regarding the mortgage process. . . ." "Ricketts will also testify regarding the underwriting process, and final approval and closing of the mortgage loan." "Ricketts will provide her opinion regarding the criteria that banks typically use in determining whether to approve a mortgage loan . . . ." "Ricketts will provide opinion testimony regarding the importance of the Form 1003, supporting documents, and title documents, during the mortgage loan approval process."). Yet, because it left the opinion

---

[1] At the October 7, 2016 hearing, it was agreed that the Court would first resolve the preliminary issue of the sufficiency of the government's disclosure under Rule 16(a)(1)(G), before turning to any *Daubert* considerations that might be raised. *See* Tr. at 13:11-15:1, 23:3-13, 25:14-23. Given the fulsomeness of the presentations thus far, though, it is inconceivable that a *Daubert* objection could be raised now.

6

gate wide open, the government's disclosure was insufficient.

It is well-engrained that the government cannot discharge its disclosure obligations by "[m]erely identifying the general topics about which the expert will testify." *Valentin*, 2016 WL 1211304, at *3 (quoting *Ferguson*, 2007 WL 4539646, at *1). Rather, it must provide the substance of the "actual opinions." *Id.* (quoting *Ferguson*, 2007 WL 4539646, at *1); *see United States v. Ahmed*, No. 12-cr-661 (SLT) (S-2), 2015 WL 1611947, at *1 (E.D.N.Y. Apr. 9, 2015); *United States v. Ulbricht*, No. 14-cr-68 (KBF), 2015 WL 413318, at *5 (S.D.N.Y. Feb. 1, 2015); *Mahaffy*, 2007 WL 1213738, at *3; *see also United States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001) (because Rule 16(a)(1)(G) "requires a summary of the expected testimony, not a list of topics," a disclosure that "provided a list of the general subject matters to be covered, but did not identify what opinion the expert would offer on those subjects," was inadequate).

Notably, the government's written disclosure in the *Mavashev* case, which was found to be adequate, provided detailed descriptions of the opinions that Ricketts planned to offer at trial. *Compare* Gov't Ltr., *Mavashev*, No. 08-cr-902 (DLI) (MDG) (E.D.N.Y. Nov. 19, 2009), ECF Dkt. No. 26 at 1-2 (Ricketts "will testify that in her opinion a mortgage broker is required to know if a borrower is applying for more than one loan within a 12 month period (if the borrower applied for the prior loan through the same broker), and must advise the lenders of the existence of the other loan or loans." "Ricketts is of the opinion that a borrower cannot claim on mortgage applications that more than one property he is purchasing is a primary residence, and it is that borrower's mortgage broker's responsibility to prevent such a claim." Ricketts "will opine that the failure of the HUD-1 to accurately reflect the manner in which the funds were disbursed at the closing could result in a bank funding a loan that it otherwise would have rejected."), *with Mavashev*, 2010 WL 234773, at *2 (finding that disclosure sufficient). By contrast, the two disclosure letters the government has submitted here do not describe the substance of any opinions or learned

7

understandings that Ricketts is expected to offer at trial. *See* ECF Dkt. Nos. 250, 255. In short, those two letters, standing alone, do not satisfy the disclosure requirements of the rules. *See Valentin*, 2016 WL 1211304, at *3; *Ahmed*, 2015 WL 1611947, at *1; *Ulbricht*, 2015 WL 413318, at *5; *Ferguson*, 2007 WL 4539646, at *1; *Mahaffy*, 2007 WL 1213738, at *3; *see also Duvall*, 272 F.3d at 828.

But, they no longer stand alone. Perhaps reading the tea leaves that were residue of the papers submitted on the defense motions, at the October 7, 2016 hearing on those motions, government counsel provided a supplemental oral representation concerning the testimony to be sought from Ricketts: Her testimony would be limited to a simple explanation of the basic steps of the mortgage application and approval process, including the forms, supporting documents, and title documents involved. Tr. at 16:14-17:15. In giving this basic overview, Ricketts, it is anticipated, will discuss two generic exhibits—a "schematic regarding the loan origination process" and a "blank Form 1003 or Uniform Residential Loan Application"—both of which the government produced to the defense previously. *Id.* at 18:8-18; *see also* ECF Dkt. No. 272 at 5-6. Ricketts will offer her opinion that the "loan application form, the supporting documents, and the title documents" *all* are important to a bank's decision as to whether to provide a loan; she will not rank those items in terms of importance. Tr. at 17:16-24. Ricketts will further opine that, "if the information that's provided to the bank is false with respect to these key documents, . . . [t]hat would be very important to [the bank's] decision to provide the loan." *Id.* at 22:11-22. Quite importantly, for sure, the government clarified that Ricketts will not offer an opinion about the specific alleged conduct of either of the defendants; indeed, she will not even review the case file. *Id.* at 22:11-23:2 ("[W]e do not anticipate asking her to specifically address the documents that were submitted by the defendants. . . . [S]he's not going to comment specifically, she's not going to review the file; that is to say, of all of the documents that were submitted in this case and opine

about the ability of Ms. Baker as a title closer or about any of the other defendants specifically.").[2]

With this oral clarification offered by the government, the narrow scope of Ricketts's proposed testimony has been made clear. It has also made clear that the government has sufficiently disclosed, for purposes of Federal Rule of Criminal Procedure 16(a)(1)(G), the substance of the very limited opinions and understandings that its proffered expert will tender at trial. Assuming Ricketts's testimony at trial will be as the government has previewed it, no further disclosure as to the nature and substance of that testimony is required. Should the expert testimony offered by Ricketts stray into uncharted waters, any renewed applications for relief will be considered at that time. *See generally Valentin*, 2016 WL 1211304, at *3.[3]

## II. Disclosure of Opinions' Bases and Reasons

With the "what" of the anticipated expert testimony of Ricketts squared away, the issue still left was the disclosure of how she came to hold her opinions and understandings. Defendants had complained that the government's disclosure on these topics in its written submissions was limited, essentially, to a recitation of various state jobs she has held. *See, e.g.*, ECF Dkt. No. 266 at 3. Indeed, in its September 30, 2016 disclosure letter, the government stated that "[t]he bases for all of Ms. Ricketts' opinions are her knowledge of the mortgage industry based on her more than 30

---

[2] During the hearing, defense counsel expressed concern that the government's first disclosure letter, dated September 27, 2016, suggested that Ricketts would offer opinions about the alleged conduct of the defendants in this case. *Id.* at 19:25-21:1. In response, government counsel "concede[d] that [his] initial letter of September 27th was badly worded" insofar as it said that Ricketts would "evaluate the defendant[s'] practices in the instant case" (*id.* at 22:3-10), and he clarified that Ricketts would not offer any such evaluation or opinion (*id.* at 22:11-23:2).

[3] The significance of the government's oral clarification was seemingly acknowledged, but, counsel for Bayfield underscored the "if," that is, "if" Ricketts's testimony is limited as government counsel had just represented, that representation "told us everything we need to know." Tr. at 19:7-19 ("[I]f, in fact, [Ricketts's] testimony on direct is going to consist of: These are the steps, these are the forms, they're all important, that would probably take about five minutes. If that's really the extent of what the government expects to elicit, then that summary told us everything we need to know. And if that's the representation, we'll accept it.").

years' employment with the State of New York's Department of Banking, and more recently, [the Department of Financial Services], and as further set forth in the resume enclosed with this letter." ECF Dkt. No. 255 at 2-3. And, given the "what" of her opinions, the extensive experience reflected in the government's submissions is more than enough to satisfy this disclosure obligation.

The Court finds that the knowledge Rickets has accrued over the course of her 30-plus years as a regulator in the mortgage industry supplies a thoroughly adequate basis for the limited testimony that she will offer in this case; testimony that is restricted to a straightforward, generic explanation of the mortgage application and approval process, the documentation involved, and the impact of false information on a bank's decision to issue a loan. *See* Tr. at 16:14-17:24, 18:8-18, 22:3-23:2. Accordingly, the government has sufficiently disclosed, for purposes of Rule 16(a)(1)(G), the "bases and reasons" for Ricketts's opinions and understandings. *See Mavashev*, 2010 WL 234773, at *2 ("As the basis for Ricketts' expertise regarding [proper mortgage loan procedures], the government provided her resume, which details nearly twenty-five years of service with the [State of New York Department of Banking]. . . . In light of the above, . . . the court finds the government's disclosure regarding Ricketts to be satisfactory . . . ."); *see also Valentin*, 2016 WL 1211304, at *2 (disclosure that "identified [witness's] qualifications in detail" was "also sufficient for explaining the basis for his opinion" (citing *United States v. Lipscomb*, 539 F.3d 32, 38 (1st Cir. 2008))); *cf. United States v. Wilson*, 493 F. Supp. 2d 484, 487 (E.D.N.Y. 2006) (disclosure found insufficient where proponent "made no attempt at all" to describe the bases and reasons for expert's opinions).[4]

---

[4] In an earlier filing, Baker requested that the government be required to demonstrate the basis for Ricketts's testimony about Baker's practices as a title closer. *See* ECF Dkt. No. 258 at 5. Since that time, the government has clarified that Ricketts is not being called as an expert in title closing and, moreover, will not offer any opinion about Baker's alleged conduct in this case. *See* ECF Dkt. No. 263 at 4; Tr. at 21:4-23:2; ECF Dkt. No. 272 at 7. In her latest filing, Baker appears to

## Conclusion

For the reasons stated above, the Court finds that the collection of the written and open-court disclosures the government has made in connection with the proposed expert testimony of Rholda L. Ricketts, in their totality, satisfy the requirements of Federal Rule of Criminal Procedure 16(a)(1)(G). The cumulative disclosure provides the defense "a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *Cruz*, 363 F.3d at 196 n.2 (quoting *Figueroa-Lopez*, 125 F.3d at 1246). Accordingly, the requests by defendants for an order directing the government to supplement its disclosures or, in the alternative, an order excluding Ricketts from testifying as an expert, are denied.

So Ordered.

Dated: Brooklyn, New York
December 6, 2016

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge

---

have withdrawn her earlier request, subject to the understanding that Ricketts's "testimony as to title closers will be limited to a brief explanation of the role that these individuals generally play in the mortgage loan process, as well as information about banks' reliance on the accuracy of title documents in this process." ECF Dkt. No. 269 at 3.